UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diane Varela, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Superfoods, Inc. d/b/a Live It Up,<br><br>Defendant. | 26-CV-537 (AS)<br><br><u>ORDER</u> |
| Charlyn Adkins, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Superfoods, Inc. d/b/a Live It Up,<br><br>Defendant. | 26-CV-860 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

These two putative class actions against Superfoods, Inc. are hereby CONSOLIDATED for pre-trial purposes because consolidation would "produce significant judicial economy and convenience" and the complaints in both cases "make substantially similar factual allegations." *Quinn v. Ready Capital Corp.*, 2025 WL 1883836, at *2 (S.D.N.Y. July 8, 2025).

The conference scheduled for May 26, 2026 in 26-cv-537, the conference scheduled for June 29, 2026 in 26-cv-860, and all deadlines related to those two conferences, are hereby ADJOURNED *sine die*.

Counsel are directed to confer with each other regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4.D of the Court's Individual Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **June 2, 2026**. This must be filed on ECF in the form of a letter motion- <u>not</u> a standard letter. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at **https://nysd.uscourts.gov/hon-arun-subramanian**.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1)    A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2)    A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3)    A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)    A brief description of any outstanding motions;

(5)    A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6)    A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7)    A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8)    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to June 2, 2026, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

2

In accordance with the Court's Individual Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.

The Clerk of Court is respectfully directed to consolidate these two cases.

SO ORDERED.

Dated: May 20, 2026
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3