MARLER CLARK
THE FOOD SAFETY LAW FIRM

**MARLER CLARK INC., PS** | 180 Olympic Dr S.E., Bainbridge Island, WA 98110
**TEL** 1.206.346.1888 | **FAX** 1.206.346.1898 | marler@marlerclark.com | www.marlerclark.com

**WILLIAM D. MARLER, ESQ.**
**Writer's Direct Line:**
**(206) 346-1890**
**bmarler@marlerclark.com**

**VIA ECF**

The Honorable Arun Subramanian, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

RE: Plaintiffs' Dismissal of Defendant Trafa Pharmaceutical Inc. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) in:
*Ciccone, et al. v. Superfoods, Inc., et al.*, No. 1:26-cv-00537
*Pugh v. Superfoods, Inc., et al.*, No. 1:26-cv-00540
*Sampietro v. Superfoods, Inc., et al.*, No. 1:26-cv-02099
*Rusich v. Superfoods, Inc., et al.*, No. 1:26-cv-02100

Dear Judge Subramanian,

This firm represents Plaintiffs Ciccone, Rusich, Sampietro, and Pugh (collectively, "Plaintiffs") in the above-mentioned matters consolidated for pre-trial purposes.[1] Plaintiffs respectfully submit this letter to advise the Court that, on August 27, 2026, Plaintiffs filed a Notice of Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), dismissing Defendant Trafa Pharmaceutical Inc. ("Trafa") from this action without prejudice.

On August 20, 2026, Trafa filed a Motion to Dismiss in each of these four consolidated cases, arguing, inter alia, that the Court lacked personal jurisdiction over Trafa and seeking Trafa's dismissal from these actions pursuant to Fed. R. Civ. P. 12(b)(2). In response, Plaintiffs notified Trafa and its counsel that Plaintiffs intended to dismiss Trafa from these actions. Shortly thereafter, Plaintiffs filed Notices of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) in each of the four cases. *Ciccone,* Dkt. 102; *Pugh*, Dkt. 54; *Sampietro*, Dkt. 51; *Rusich*, Dkt. 46.[2] The Clerk has since issued an advisory indicating that the Notices were referred to this Court for approval because "the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety."

---

[1] On May 20, 2026, this Court consolidated four personal injury matters before it, *Pugh v. Superfoods, Inc.*, *et al.*, No. 1:26-cv-00540 (JGK); *Sampietro v. Superfoods, Inc.*, *et al.*, No. 1:26-cv-02099 (JPC); *Rusich v. Superfoods, Inc.*, *et al.*, No. 1:26-cv-02100 (JPO); and *Ciccone, et al. v. Superfoods, Inc., et al.*, No. 1:26-cv-00537. *See* Dkt. 35 at 3.

[2] On August 31, 2026, following counsel's conversation with the Clerk, Plaintiffs again filed their Notices of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) within each consolidated case except for *Ciccone*. *Pugh*, Dkt. 55; *Sampietro*, Dkt. 52; *Rusich*, Dkt. 47. Plaintiffs are currently unable to file their Notices of Dismissal in the *Ciccone* matter due to a technical error which, as of this letter, Plaintiffs are working to resolve with the Clerk's Office.

September 2, 2026

A plaintiff may voluntarily dismiss claims against a single defendant in a multi-defendant action, especially when, as here, the dismissed defendant is not an indispensable party. "[D]istrict courts within the Second Circuit have ... adopted the approach of the majority of courts in other circuits—-that is, that Rule 41(a) does not require dismissal of the action in its entirety." *Blaize-Sampeur v. McDowell*, No. 05 Civ. 4275 (JFB) (ARL), 2007 U.S. Dist. LEXIS 47408, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (citing cases) (allowing dismissal of the complaint against four of the defendants without prejudice); *General Foods Corp. v. Jay Zimmerman Co.*, No. 86 Civ. 267 (KMW), 1990 U.S. Dist. LEXIS 10156, 1990 WL 115714, at *2 (S.D.N.Y. Aug. 7, 1990) ("The weight of authority holds that, pursuant to Fed. R. Civ. P. 41(a)(1), a plaintiff may dismiss its claims against less than all defendants in a multi-defendant case."); *see also Local 1180, Communs. Workers of Am. v. City of N.Y.*, 318 F. Supp. 3d 672, 680 (S.D.N.Y. 2018) (noting that the Advisory Committee Notes to Rule 19(a) provide that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").

In light of that voluntary dismissal, Defendant Trafa's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim is now moot. Plaintiffs respectfully request that the Court terminate Defendant Trafa's Motion to Dismiss as moot. *Ciccone*, Dkts. 89; 92; 95; 98. This dismissal does not affect the claims against the remaining Defendants, Defendant Superfoods, Inc. and Defendant Aviva, and does not require any adjustment to the current case schedule.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

William D. Marler

The personal injury plaintiffs' request is GRANTED. Trafa has been voluntarily dismissed, so its motions to dismiss are DENIED as moot.

The Clerk of Court is respectfully directed to terminate the motion at Dkts. 89, 92, 95, and 98.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 3, 2026